**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

|  |  |
|---|---|
| WILLIAM PAUL BRADLEY, JR., | |
| Plaintiff, | CIVIL ACTION NOS.: 6:26-cv-11 |
| | 6:26-cv-12 |
| v. | |
| LOVETT BENNETT, JR., et al., | |
| Defendants. | |

**O R D E R**

Plaintiff, proceeding *pro se*, filed two lawsuits against dozens of Defendants. He alleges a litany of wrongs that all appear to have some connection to his ongoing divorce proceedings in the Superior Court of Bulloch County, Georgia. At the time he filed these actions, Plaintiff moved to consolidate them. (See No. 6:26-cv-11, doc. 2; No. 6:26-cv-12, doc. 2.) In both actions, Plaintiff asserts some similar claims, including several nearly identical claims against many of the same Defendants.[1] Thus, the Court **GRANTS** Plaintiff's Motions to Consolidate. (No. 6:26-cv-11, doc. 2; No. 6:26-cv-12, doc. 2.) The Court **DIRECTS** the Clerk of Court to consolidate these cases, close Case Number 6:26-cv-12, and file all future pleadings in Case Number 6:26-cv-11.

As explained below, Plaintiff's Amended Complaints are **DISMISSED WITHOUT PREJUDICE** as shotgun pleadings. If Plaintiff wants to pursue his claims, he must file a Second Amended Complaint within **twenty-one days** of the date of this Order. Because that complaint

---

[1] Plaintiff's Amended Complaints are filed at doc. 5 in 6:26-cv-11 and at doc. 5 in 6:26-cv-12. Hereinafter, the Court will refer to these pleadings as "the Amended Complaints." While many claims in the Amended Complaints are related, some are not. Thus, the Court forewarns Plaintiff that he must follow the below directive and not bring unrelated claims in the same action.

will become the operative complaint, the Court **DENIES** all pending motions in both Case Number 6:26-cv-11 and Case Number 6:26-cv-12 and **STAYS** this consolidated case.

## DISCUSSION

**I.      The Amended Complaints are Shotgun Pleadings.**

Federal Rules of Civil Procedure 8(a)(2) and 10(b) require that a complaint give "a short and plain statement of the claim," and that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 8(a), 10(b).  A complaint that violates either of these requirements—and, as a result, fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"—is a "shotgun pleading." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).  When a district court finds that a given complaint amounts to a shotgun pleading, it has inherent authority to dismiss the complaint on those grounds— provided the court "allow[s] a litigant one chance to remedy such deficiencies." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

The Amended Complaints bear all the hallmarks of a shotgun pleading.  "The unifying characteristic of all . . . shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.  The Eleventh Circuit Court of Appeals has identified "four rough types" of shotgun pleadings that exhibit this characteristic: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action

or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321–23.

The Court cannot decipher from the Amended Complaints what wrongs Plaintiff attributes to what Defendants, much less the factual and legal bases he seeks to use to hold each Defendant liable for those wrongs. To varying degrees, the Amended Complaints fit the first, second, and fourth types of shotgun pleadings described in Weiland, id. at 1323.

In his claims for relief, Plaintiff repeatedly uses the phrase, "plaintiff incorporates by reference all preceding paragraphs." (See, e.g., No. 6:26-cv-12, doc. 5, pp. 28–36.) This meets the criteria for the first type of shotgun pleading identified in Weiland: "a complaint containing multiple counts where each count adopts the allegations of all preceding counts." 792 F.3d at 1321. This pleading error particularly inhibits Defendants' ability to comprehend the claims here, where the Amended Complaints are a combined 151 pages long with a litany of allegations and claims against dozens of Defendants. Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1356 n.4 (11th Cir. 2020) (the problem created by type (1) shotgun pleadings "is drastically exacerbated each time a new count is added to a complaint").

The Amended Complaints are also characteristic of Weiland's second type of shotgun pleading because they contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." 792 F.3d at 1322. In violation of Rule 8(a)'s "short and plain statement" requirement, much of the Amended Complaints' factual allegations have no reasonable bearing on the legal claims before the Court. Then, the Amended Complaints assert conclusory

causes of action without indicating which of the preceding factual allegations support which claims. These conclusory allegations add only length—not substance—to the pleadings.

As to the fourth category of shotgun pleadings, the Amended Complaints identify which Defendants are subject to which Counts. But many counts are asserted against all Defendants. The counts are also so broadly worded and the allegations within them are so conclusory, it is unclear how a particular Defendant is responsible for the acts and omissions identified in each count.

Because it contains three of the four characteristics identified by the Eleventh Circuit, the Amended Complaint is an impermissible shotgun pleading.

## II.     The Amended Complaints are Dismissed without Prejudice.

District courts have inherent authority to dismiss shotgun pleadings. Vibe Micro, 878 F.3d at 1295 (citing Weiland, 792 F.3d at 1320). The Eleventh Circuit has established, however, that "[w]hen a litigant files a shotgun pleading . . . a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." Id. at 1296. The Eleventh Circuit has further specified that, "[i]n the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Id. This practice "ensures that the issues get defined at the earliest stages of litigation." Id. (quoting Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001)). Accordingly, having found for the reasons explained above that the Amended Complaints are shotgun pleading, the Court dismisses them. That said, because this is the Court's first Order finding Plaintiff's claims to be presented in a shotgun pleading, and because a properly pled complaint is necessary to define the issues, the dismissal is without prejudice.

Plaintiff has "one chance" to replead his claims against Defendants in a manner that avoids shotgun-pleading deficiencies.

### III.     Further Directions to Plaintiff

Moving forward, if Plaintiff chooses to file a Second Amended Complaint, he must follow the instructions below.  Failure to follow these instructions as to even one claim or one Defendant may result in dismissal of all of Plaintiff's claims against all Defendants.

First, in properly crafting a new (consolidated) pleading, Plaintiff should reference the Court's above explanation of how the Amended Complaints violate shotgun pleading rules.  That means, in particular, that Plaintiff's new pleading must avoid the three Weiland pitfalls exhibited by the Amended Complaints: the counts should not adopt the allegations of preceding counts; the pleading should have no "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" and the pleading should not "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  Weiland, 792 F.3d at 1321–23.

Second, Plaintiff cannot pursue unrelated claims in one Section 1983 Complaint.  Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action").  Relevant to Plaintiff's claims, if he chooses to assert claims stemming from

his divorce proceedings and his criminal prosecution in the same lawsuit, he must explain how those claims are sufficiently related to be included in one action.[2]

Third, Plaintiff shall not rely on conclusory allegations to support his claims. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (conclusory allegations are not entitled "to the presumption of truth"). In particular, Plaintiff cannot merely allege that a private individual engaged in a conspiracy with a state actor in order to hold the private individual liable under Section 1983. See Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) ("For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons.").

Lastly, to ensure the propriety of Plaintiff's pleadings, and in the exercise of the Court's inherent authority to control its docket, the Second Amended Complaint shall not exceed fifty pages.

**CONCLUSION**

Plaintiff's current Amended Complaints are **DISMISSED WITHOUT PREJUDICE** as shotgun pleadings. (No. 6:26-cv-11, doc. 5; No. 6:26-cv-12, doc. 5.) If he wants to pursue his claims, he must file a Second Amended Complaint within Case Number 6:26-cv-11 within **twenty-one (21) days** of the date of this Order. Because that pleading will become the operative complaint, the Court **DENIES** all pending motions in both Case Number 6:26-cv-11 and Case Number 6:26-cv-12, and **STAYS** Case Number 6:26-cv-11. This stay applies to all deadlines for the parties to conduct any discovery or file any pleadings, including any responses to any motions

---

[2] The Court expresses no opinion in this Order on whether Platiniff's claims pertaining to his divorce proceedings and his criminal prosecution are justiciable in this Court. Through Defendants' Motions to Dismiss, Plaintiff knows he must establish jurisdiction in his Second Amended Complaint and he has been made aware of the hurdles he must clear to do so.

or any responsive pleadings to any of Plaintiff's complaints.  But if Plaintiff has not properly served any Defendant, this stay does not toll that deadline.

If Plaintiff does not file a Second Amended Complaint within twenty-one days, the Court will dismiss this action.  If Plaintiff files a timely Second Amended Complaint, the Court will review that pleading to determine whether it complies with the above directives.  The Court may then lift the stay and order Defendants to respond to the Second Amended Complaint.

**SO ORDERED**, this 7th day of April, 2026.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7